**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                          CRIMINAL ACTION NO. 2:23-cr-00031-9

MARK LESLIE LIVELY,

               Defendant.

**MEMORANDUM ORDER AND OPINION**

Pending before the Court is Defendant Mark Leslie Lively's ("Defendant" or "Lively") motion to dismiss his indictment for failure to provide a speedy trial in violation of the Speedy Trial Act and the Sixth Amendment.   For the reasons discussed below, the motion is **DENIED**.

## I.    BACKGROUND

Lively was indicted in this case on March 21, 2023, (ECF No. 12), and a superseding indictment was returned the next day, (ECF No. 55).   Under both indictments, Lively was charged with the same offenses.   The next day, Lively made his initial appearance before United States Magistrate Judge Omar Aboulhosn.   (ECF No. 83.)   Six days later, on March 28, 2023, he was arraigned on those charges and released on bond.   (ECF No. 189.)   Then, on June 28, 2023, Lively's bond was revoked based on numerous violations of the terms and conditions thereof. (ECF No. 326.)   With trial currently set for July 16, 2024, 483 days—nearly 16 months—will have passed since his initial indictment.[1]

---

[1] In calculating days, including periods of time under the Speedy Trial Act, "the day . . . from which the designated period of time begins to run shall not be included," but the last day of the period is included.   Fed. R. Crim. P. 45(a).

The trial for Lively and his co-defendants in this case was originally set for May 23, 2023. (ECF No. 208.)   However, six continuances were granted, which cumulatively excluded the period between May 23, 2023, and July 16, 2024, from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(7).   Each order continuing the trial found "that the ends of justice served by granting a continuance outweigh[ed] the best interest of the public and all the Defendants in this case, in a speedy trial."[2]   (*See* ECF Nos. 240, 344, 422, 507, 614, 670.)

First, the Court continued the trial on April 18, 2023, (ECF No. 240), in response to co-defendant Antonio Jeffries's ("Jeffries") motion to continue (ECF No. 233).   In granting the motion, the Court found that the period from May 23, 2023, to August 1, 2023, was excludable from the speedy trial clock.

Second, the Court continued trial on July 5, 2023, (ECF No. 344), in response to motions to continue filed by codefendants Jeffries, (ECF No. 327), and Tres Davis ("Davis), (ECF No. 334).   In granting the motions, the Court found the period from August 1, 2023, to October 31, 2023, to be excludable from the speedy trial clock.

Third, the Court continued the trial on September 22, 2023, (ECF No. 422), in response to a motion to continue filed by co-defendant Karl Funderburk, (ECF No. 416).   Lively joined that motion based, in part, on the need of his current court appointed counsel to review discovery. (ECF No. 417.)   In granting the motion, the Court found the period from October 31, 2023, until January 9, 2024, to be excludable from the speedy trial clock.

Fourth, the Court continued the trial on December 11, 2023, (ECF No. 507), in response to a motion to continue filed by Davis, (ECF No. 502), in which Jeffries joined, (ECF No. 505).

---

[2] Notably, at least two of the last three continuances were granted because counsel for a co-defendant was facing serious medical issues that eventually required medical intervention followed by an extended period of recovery.

Lively objected to the continuance and requested to go to trial as scheduled, (ECF No. 507), but he did not move to be severed from Jeffries and Davis.   In granting the motion, the Court found the period from January 9, 2024, until March 19, 2024, to be excludable from the speedy trial clock.

Fifth, the Court continued the trial on February 26, 2024, (ECF No. 614), in response to a motion to continue filed by Davis, (ECF No. 585).   Lively objected to the continuance and requested to go to trial on March 19, 2024, (ECF No. 586), but he did not move to be severed from Jeffries and Davis.   In granting the motion, the Court found the period from March 19, 2024, until May 28, 2024, to be excludable from the speedy trial clock.

Sixth, the Court continued the trial on May 7, 2024, (ECF No. 670), in response to a motion to continue filed by Davis, (ECF No. 656), and a motion to join filed by Jeffries, (ECF No. 657). Lively objected to the continuance, (ECF No. 662), but again he did not move to be severed from Jeffries and Davis.   In granting the motion, the Court found the period from May 28, 2024, until July 16, 2024, to be excludable from the speedy trial clock.

Lively and other defendants in this case filed several pretrial motions in the lead up to trial.[3] Presently at issue, Lively filed the pending motion to dismiss his indictment on June 7, 2024, (ECF No. 692), and the Government filed a timely response, (ECF No. 706).   As such, this motion is fully briefed and ripe for adjudication.

---

[3] The Court will provide a discussion of any relevant motions as necessary throughout this opinion.

## II.    DISCUSSION

Lively alleges that he has been denied a speedy trial under the Speedy Trial Act and the Sixth Amendment.    18 U.S.C. § 3161; U.S. Const. amend. VI.    The Government disagrees as to both theories.    Each is discussed below.

### A.  The Speedy Trial Act

The Speedy Trial Act generally "requires that a criminal defendant's trial 'commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.'"  *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023) (quoting 18 U.S.C. § 3161(c)(1)).    If a trial begins after the speedy trial clock expires, "the defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges, and if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges[.]"  *Zedner v. United States*, 547 U.S. 489, 497 (2006).    However, the Speedy Trial Act also "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."  *Id*.    To provide this necessary flexibility, various periods of delay are excluded from the speedy trial clock.  *See* 18 U.S.C. § 3161(h).

Lively's speedy trial clock began to run on March 23, 2023, the day after his initial appearance on the second superseding indictment.    18 U.S.C. § 3161(c)(1); *United States v. Stoudenmire*, 74 F.3d 60, 63 (4th Cir. 1996) ("In determining this 70-day period, the day of the event that triggers the [speedy trial] clock, i.e., the filing or opening of the indictment or the initial appearance, is not included in the calculation; the clock begins to run the following day.").    The date of his arraignment is also automatically excluded.  *United States v. Pair*, 84 F.4th 577, 583

(4th Cir. 2023).   Not counting time found excludable by the Court or his arraignment, 60 days have elapsed on Lively's speedy trial clock.

Lively does not challenge the exclusion periods resulting from the first three continuances, which cumulatively excluded May 23, 2023, to January 9, 2024.   He only challenges the exclusion periods resulting from the final three continuances: January 9, 2024, to March 19, 2024 ("Exclusion Period 4"); March 19, 2024, to May 28, 2024 ("Exclusion Period 5"); and May 28, 2024, to July 16, 2024 ("Exclusion Period 6") (cumulatively, the "Challenged Exclusion Periods"). The Challenged Exclusion Periods in this case apply to Lively pursuant to two provisions: (1) delays resulting from continuances requested by co-defendants pursuant to 18 U.S.C. § 3161(h)(6); and (2) delays resulting from other proceedings concerning the defendant pursuant to 18 U.S.C. § 3161(h)(1).   Each is discussed in turn.

1.   Excludable delays under § 3161(h)(6)

As a threshold matter, Lively does not challenge the propriety of the exclusion periods themselves in this case.[4]   Instead, he challenges whether three of those exclusion periods were reasonable as applied to him.   (ECF No. 692 at 8.)

---

[4] Relying on out of circuit precedent, Lively claims that the "ends of justice" clause contains a reasonableness requirement that the courts must evaluate before applying the continuance to any codefendants. (*See* ECF No. 692 at 6.)   ("The Court must apply a 'reasonableness' requirement is the balancing test that a Court must determine prior to making a finding that the 'ends of justice' necessitate a continuance") (citing *United States v. Maryea,* 704 F.3d 55, 66 (1st Cir. 2013); *Bloate v. United States,* 559 U.S. 196 (2010)).   This is a misapprehension of the law.   Indeed, *Maryea* itself does not stand for that proposition.   Interpreting *Bloate,* the court in *Maryea* faced the question of whether to read certain reasonableness portions of the subsection (h)(7) into the subsection (h)(6).   However, the reasonableness standard at issue there was found in 18 U.S.C. §§ 3161(h)(7)(B)(ii) (requiring a district court to consider whether the "unusual" or "complex" nature of a case makes it "*unreasonable* to expect *adequate preparation* for pretrial proceedings or for the trial itself within the time limits" (emphasis added))and 3161(h)(7)(B)(iv) (requiring a district court to consider in other cases "[w]hether the failure to grant such a continuance ... would deny counsel for the defendant or the attorney for the Government the *reasonable time necessary for effective preparation,* taking into account the exercise of due diligence" (emphasis added)).   In other words, Lively attempts to read an entirely separate reasonableness requirement into subsection (h)(6).   The Fourth Circuit recognizes only one reasonableness requirement applicable to co-defendants, which the Court addresses in detail below.

This argument directly implicates the "co-defendant clause" located at 18 U.S.C. § 3161(h)(6), rather than the "ends of justice clause" contained in subsection (h)(7). The co-defendant clause excludes from the Speedy Trial Act's 70-day limit any "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). As such, the Court need not address whether the ends of justice *actually* justified the continuance and associated exclusion periods. Instead, the Court's analysis will focus on whether the application of those Challenged Exclusion Periods was reasonable to Lively as a co-defendant.

Reasonableness is expressly required for any exclusion to be attributed to a co-defendant under § 3161(h)(6). *United States v. Robinson*, 55 F.4th 390, 399 (4th Cir. 2022). In determining the reasonableness of a delay, the Fourth Circuit considers the following factors: "[1] the defendant's attempts (or lack thereof) to move for severance, [2] prejudice to the defendant, and [3] the length of the delay." *Id.* The balance of these factors does not weigh in Lively's favor.

To start, Lively has never moved the court to sever his case from his co-defendants. In fact, when the Court held a hearing to address a motion by Co-Defendant Davis's counsel to withdraw from representation, (ECF Nos.737, 738), Lively's counsel admitted that he had not sought a severance up until that point for strategic reasons. Accordingly, the first factor weighs in favor of reasonableness.

The length of the delay in this case also offers no support for Lively's argument. The Challenged Exclusion Periods have delayed Lively's trial by approximately six months. This is significantly shorter than exclusion periods that the Fourth Circuit has found reasonable. *See, e.g.*, *Robinson*, 55 F.4th at 399 (finding exclusion of 8 months to be reasonable). More

6

importantly, the court in *Robinson* also suggested that longer periods of delay would also be reasonable. *See id.* (noting that the 8-month delay to be "within the realm of those we and our sister courts have held to be reasonable," including delays ranging from 10 to 22 months). Consequently, the second factor also weighs in favor of reasonableness.

The remaining factor—prejudice to the defendant—may weigh slightly in Lively's favor. Weighed against the other factors, however, the minimal prejudice to Lively is insufficient to render unreasonable the delay resulting from the Challenged Exclusion Periods. Lively argues that he has suffered prejudice in the form of lengthy pretrial incarceration and the loss of certain evidence against him. To be sure, the "prevent[ion of] oppressive pretrial incarceration" is an important interest to any defendant seeking a speedy trial. *Cf. Robinson*, 55 F.4th at 400 (analyzing prejudice in the context of the Sixth Amendment right to a speedy trial). However, Lively has not pointed to any case law suggesting that his incarceration during the Challenged Exclusion Periods was sufficiently prejudicial to constitute a violation of the Speedy Trial Act.

Lively also fails to explain how the Challenged Exclusion Periods resulted in the loss or destruction of evidence. Instead, he makes the bald assertion that the delay caused the loss or destruction of body worn camera or dashcam footage relating to his charged offenses. However, this Court has already found that Lively failed to show that such videos, if any ever existed, were even potentially exculpatory. (*See* ECF No. 746.) Further, he has drawn no nexus between the Challenged Exclusion Periods and the unavailability of video evidence. To the contrary, as the Government points out, and Lively does not contest, any video evidence was lost prior to the beginning of the Challenged Exclusion Periods. (ECF No. 707 at 12.)

At bottom, Lively has shown only the minimal prejudice that is "common to all defendants whose trials are delayed." *Robinson*, 55 F.4th at 399. Consequently, this factor adds little, if any, weight to Lively's argument that the delay was unreasonable.

After considering these factors, the Court finds that the delay resulting from the Challenged Exclusion Periods was reasonable under 18 U.S.C. § 3161(h)(6) and, therefore, does not contravene the Speedy Trial Act.

2. Excludable delays under § 3161(h)(1)

The Government also argues that, even if none of the exclusion periods were reasonable under the co-defendant clause, the speedy trial clock was automatically tolled any time a motion to suppress was pending. However, all pretrial motions in question were either filed during exclusion periods that Lively does not challenge, or the Challenged Exclusion periods that are entirely excludable as to Lively under 18 U.S.C. § 3161(h)(6), as explained above. Therefore, any tolling created by this motion has no effect on the outcome of the motion currently before the Court. Thus, the Court need not consider the Governments argument regarding § 3161(h)(1) to resolve the motion.

Accordingly, to the extent Lively's challenge is based on the Speedy Trial Act, the motion is **DENIED**.

B. *The Sixth Amendment*

Defendant next alleges that the delay between his indictment and the trial violates his Sixth Amendment right to a speedy trial. "In order to properly assess whether a pretrial delay contravenes the Constitution's speedy trial guarantee, the Court must consider four factors: (1) the length of delay; (2) the reasons therefor; (3) the timeliness and vigor of the assertion of the speedy trial guarantee; and (4) prejudice to the defendant." *United States v. Hall*, 551 F.3d 257, 271 (4th

8

Cir. 2009) (outlining the "*Barker* test" of *Barker v. Wingo,* 407 U.S. 514, 530 (1972)). The first factor also doubles as a threshold requirement. "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay[.]" *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) (internal quotations omitted). "After the defendant makes this threshold showing, he 'must . . . show on balance,' that the four inquiries weigh in his favor." *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) (quoting *United States v. Thomas,* 55 F.3d 144, 148 (4th Cir.1995)). "The Supreme Court has observed that 'postaccusation delay [is] presumptively prejudicial at least as it approaches one year.'" *United States v. Burgess*, 684 F.3d 445, 452 (4th Cir. 2012) (quoting *Doggett*, 505 U.S. at 652 n.1).

In this case, Lively satisfied the threshold requirement because the time between his March 22, 2023 indictment and July 16, 2024 trial will be nearly 16 months. However, because the balance of these inquiries does not weigh in his favor, Lively's Sixth Amendment right to a speedy trial has not been violated. Each factor is discussed in turn below.

### 1. The length of the delay

Having shown that the length of the delay was *presumptively* prejudicial, the Court must now determine whether the first factor weighs in Lively's favor. *Hall*, 551 F.3d at 271 (noting that the first factor has two components). Determining the weight of this factor is a "fact-intensive inquiry." *Woolfolk*, 399 F.2d at 598 (internal quotations omitted). Although the Supreme Court has acknowledged that complex conspiracy charges justify longer periods of delay than normal street crimes, *See Barker*, 407 U.S. at 531, the critical inquiry is the "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United States*, 505 U.S. at 652.

9

Here, the length of Lively's nearly 16-month delay stretches beyond the bare minimum needed to trigger judicial examination. However, it does so by only four months. Notably, the Fourth Circuit has found significantly longer delays to be within the bounds of the Sixth Amendment. *See, e.g.*, *United States v. Grimmond,* 137 F.3d 823, 827 (4th Cir.1998) (finding no Sixth Amendment violation despite a 35-month delay); *United States v. Thomas,* 55 F.3d 144, 149–150 (finding no Sixth Amendment violation despite a 30-month delay). Yet, while the delays in *Grimmond* and *Thomas* were found to be "uncommonly long," the delay in Lively's case is much closer to the minimum delay necessary to even trigger a Sixth Amendment analysis. Therefore, the Court finds that the length of the delay weighs only slightly in Lively's favor.

2. <u>The reasons for the delay</u>

In examining the second factor, the "court must carefully examine several issues, specifically focusing on the intent of the prosecution." *Id.* Delays "should be characterized as either valid, improper, or neutral." *See Hall*, 551 F.3d at 272. "Deliberate delay to hamper the defense weighs heavily against the prosecution[.]" *Vermont v. Brillon,* 556 U.S. 81, 90 (2009)). Whereas "[v]alid reasons for delaying a trial are weighed in favor of the government." *Robinson*, 55 F.4th at 400. Importantly, "delay caused by the defense weighs against the defendant." *Brillion*, 556 U.S. 81 at 90. However, in complex drug trafficking conspiracy cases with several defendants, delays caused by a high volume of pretrial motions, including continuances and motions by the defendant, are a neutral factor.

This case revolves around a complex drug trafficking conspiracy involving 17 defendants and voluminous amounts of discovery. Yet, the government has not taken any action to deliberately delay the trial. Instead, five of the continuances were granted solely on the motion of Lively's co-defendants, while Lively himself joined in the sixth. Because neither Lively nor

the Government has directly caused delays in this case, the second factor is does not weigh in either party's favor.

    3.  <u>The defendant's assertion of his right to a speedy trial</u>

    The third factor weighs in the Government's favor.  Lively first asserted his right to a speedy trial on December 8, 2023, (ECF No. 504), seven months before his current trial date of July 16, 2024.  Ostensibly, this would cause the third factor to weigh in Lively's favor.  However, Lively's counsel admitted during the pretrial motions hearing that Lively never sought a severance because he wanted to be tried with the other defendants for strategic reasons.  (ECF Nos. 737, 738.)

    In fact, Lively's procedural history in this case bears a striking resemblance to the facts of *Barker*.  407 U.S. at 534–35 (finding that defendant's acquiescence to continuances indicated that he did not truly desire a speedy trial).  In *Barker*, the Court found that the defendant had "hoped to take advantage of the delay" for strategic purposes.  *Barker*, 407 U.S. at 534–35.  Specifically, the Court identified the "probable reason" for Barker's delay was that he hoped that the acquittal of his codefendant would result in the charges being dropped against him.  *Id.* at 535–36.  "[B]arring extraordinary circumstances," the *Barker* Court made clear that courts should be "reluctant" to rule that a defendant was denied his constitutional right to a speedy trial when the record indicates that "the defendant did not want a speedy trial."  *Id.* at 536.  Based on this reasoning, the Supreme Court held that Barker was not deprived of his due process right to a speedy trial.  *Id.*; *see also United States v. James*, 418 F. App'x 751, 754 (10th Cir. 2011) (finding that where a "[d]efendant never moved for a severance because he believed that a joint trial would be beneficial," he "cannot have the benefit of [that] trial strategy and then argue that the delay resulting from that strategy was unreasonable.")

11

Like Barker, Lively also sought a strategic benefit from a joint trial with his co-defendants. While Lively did not elaborate on the details of this strategy, a probable reason is that he believed being tried alongside co-defendants who were involved at higher levels of the conspiracy would lead a jury to be more forgiving of Lively's comparatively limited involvement. Indeed, while objecting to the final three continuances, Lively never sought to sever his case in order to proceed to trial. This fact is especially telling considering the primary co-defendant affiliated with Lively—Karl Funderburk—pleaded guilty on December 6, 2023, one day before Lively first asserted his right to a speedy trial. At that point, the factual nexus between Lively and his remaining co-defendants was almost non-existent.

As such, Lively bears a degree of responsibility for those delays, and, like in *Barker*, the record indicates that Lively did not truly want a speedy trial. Instead, he only wanted a speedy *joint* trial. Not once did Lively invoke his most direct pathway to a speedy trial: severance. He, like Barker, made these decisions hoping to garner a strategic benefit. Such gamesmanship would allow him to simultaneously seek to benefit from the delay, while also arguing that he was prejudiced by the delay. Lively cannot have it both ways.

Accordingly, the Court finds that the second factor weighs in favor of the Government.

   4.  Prejudice to the defendant

The court must now turn to the fourth and final factor: prejudice to the defendant. This factor "consider[s] three interests of defendants: '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *Robinson*, 55 F.4th at 400 (quoting *Barker*, 407 U.S. at 532). "The third interest is the most serious because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* (internal quotation marks omitted).

12

None of these interests favor Lively.   Tellingly, Lively does not offer support for the first two interests.   In fact, he never even mentions the second factor in his briefing.   As to the oppressive nature of pretrial incarceration, Lively has been incarcerated for much of the period preceding his trial, but "he identifies no restraint on liberty, disruption of employment, strain on financial resources, or exposure to public obloquy that was greater than that faced by anyone openly subject to criminal investigation."   *Robinson*, 55 F.4th at 400 (quoting *Hall*, 551 F.3d at 272).   More to the point, Lively was not initially incarcerated following his indictment.   He was free on bond for three months thereafter and was only incarcerated after violating the terms of his release.   As such, he faced even less restraint on his liberty than many other criminal defendants who are never released on bond.   Therefore, the first two interests do not weigh in his favor.

The only interest that Lively identifies with some degree of specificity is the loss of evidence that he suffered as part of the delay in his trial.   Defendants can show prejudice under this factor by putting forth "evidence that their defense was impaired by the delay" in their trial.   *See Hall*, 551 F.3d at 273.   The inability to adequately prepare a defense may be shown through (1) the unavailability of witnesses as a result of the delay; (2) the inability of witnesses to "accurately recall the *relevant* events;" (3) the loss of exculpatory evidence; or (4) evidence being "rendered unavailable by the delay.   *See id.* (emphasis added).

Here, Lively contends that the delay caused the loss of exculpatory evidence, specifically body worn camera or dashcam footage of his February 2, 2023 traffic stop.   But as this Court stated in its memorandum opinion and order denying his motion to suppress evidence obtained from that traffic stop, Lively has not submitted *any* evidence that the video footage would have been exculpatory or that it was lost as a result of the delay in his trial.   Additionally, law enforcement officers admitted that they could not recall with certainty whether footage was

13

captured, they could recall the *relevant* inculpatory events that took place.    As such, Lively's ability to adequately prepare a defense has not been hindered.   Consequently, the fourth *Barker* weighs in favor of the Government.

Given the minimal weight of the first factor favoring Lively, the third and fourth factors tilt the balance of the *Barker* test in the Government's favor.   Accordingly, Lively's motion is **DENIED** to the extent it is based on the Sixth Amendment right to a speedy trial.

*III.    CONCLUSION*

For the foregoing reasons, Defendants motion to dismiss his indictment is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:      July 15, 2024

THOMAS E. JOHNSTON, CHIEF JUDGE